STATE of Missouri, Plaintiff/Respondent,

v.

Donald PULLUM, Defendant/Appellant.

No. ED 91159.

Missouri Court of Appeals, Eastern District, Division Four.

April 14, 2009.

Mary H. Moore, Assistant Attorney General, Jefferson City, MO, for respondent.

Maleaner Harvey, St. Louis, MO, for appellant.

KATHIANNE KNAUP CRANE, Presiding Judge.

Defendant, Donald Pullum, appeals from a judgment entered upon a jury verdict finding him guilty of statutory rape in the first degree, in violation of section 566.032 RSMo (2000)[1] (Count I); statutory sodomy in the first degree, in violation of section 566.062 (Count II); attempted victim tampering, in violation of section 575.270 (Count III); statutory rape in the second degree, in violation of section 566.034 (Count IV); and child molestation in the second degree, in violation of section 566.068 (Count V). The trial court found defendant to be a prior and persistent offender and sentenced him to concurrent terms of fifteen years imprisonment for statutory rape in the first degree, fifteen years for statutory sodomy in the first degree, seven years for statutory rape in the second degree, and one year jail time for child molestation in the second degree, and three years imprisonment for attempted victim tampering, to be served consecutively to the other sentences.

On appeal, defendant contends that the trial court erred in overruling his motion

---

1. All further statutory references are to RSMo (2000).

for judgment of acquittal on attempted victim tampering because there was insufficient evidence to make a submissible case on that charge. Defendant also maintains that the trial court plainly erred in accepting the jury's verdict and in entering a judgment of conviction against him for the crime of statutory rape in the second degree on Count IV, because Count IV of the substitute information charged him with statutory sodomy in the second degree. He also asserts there was insufficient evidence to support the conviction of statutory rape in the second degree. We reverse the conviction of statutory rape in the second degree because the offense was not charged in the substitute information. We affirm the judgment entered on the remaining convictions.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant does not challenge the sufficiency of the evidence or raise any allegations of error with respect to Counts I, II, and V. Defendant was the brother of the father of the two female victims, G.W., who was age 7 at the time of the offenses, and J.T., who was age 14 at the time of the offenses. Counts I and II were based on defendant's sexual misconduct with G.W., and Count V was based on defendant's molestation of J.T. Count III was based on defendant's threats to G.W. that she would get in trouble and that he would kill her if she told anyone about his sexual misconduct with her, causing her not to report his acts for a year. Count IV involves a fatal variance between the crime charged and the crime on which a conviction was entered, which is more fully explained below.

The case went to trial on a substitute information in lieu of indictment that identified Count IV in the list of charges as:

4. CNT: 4 STATUTORY RAPE–2ND DEGREE (Class C Felony) RSMo 566.034

**FROM** 8/21/2004 **TO** 8/30/2004 Place: [address deleted]

However, Count IV actually charged statutory sodomy in the second degree, in violation of section 566.064, as demonstrated by the following language:

The Circuit Attorney of the City of St. Louis, State of Missouri, upon information and belief, charges that the defendant, in violation of Section 566.064, RSMo, committed the class C felony of statutory sodomy in the second degree, punishable upon conviction under Sections 588.011 and 560.011, RSMo, in that between August 21, 2004 and August 30, 2004, in the City of St. Louis, State of Missouri, the defendant had deviate sexual intercourse with [J.T.] and at that time [J.T.] was less than seventeen years old and the defendant was twenty-one years of age or older.[2]

At the commencement of trial, defense counsel told the court that defendant was charged with statutory rape in the second degree, among the other charges. In its opening statement, the state told the jury that defendant was charged with statutory rape in the second degree and described the evidence that would prove that charge. At the jury instruction conference, defendant submitted alternative jury instructions based on different dates for the offenses, but did not otherwise object to the submission of a verdict director on Count IV based on MAI–CR3d 320.05, which submitted statutory rape in the second degree. Further, defendant submitted a

2. The summary identification of Count IV as a statutory rape charge, when Count IV actually charged statutory sodomy, is also found in the complaint and the indictment that preceded the substitute information.

converse instruction based on MAI–CR3d 308.02 for statutory rape in the second degree on Count IV, which the trial court gave. In closing arguments, the state set out the evidence supporting a finding of statutory rape in the second degree on Count IV. The jury found defendant guilty of statutory rape in the second degree on Count IV, and the trial court sentenced defendant to seven years imprisonment on that offense.

## DISCUSSION

### I. Sufficiency of Evidence—Attempted Witness Tampering

■ For his first point, defendant asserts that the trial court erred in denying his motion for judgment of acquittal because there was insufficient evidence from which a reasonable juror could find defendant threatened G.W. and in doing so he purposely prevented or dissuaded G.W. from making any report to any peace officer, law enforcement officer, prosecuting agency, or judge.

We review the denial of a motion for acquittal at the close of evidence to determine if the state adduced sufficient evidence to make a submissible case. *State v. Johnson,* 244 S.W.3d 144, 152 (Mo. banc 2008); *State v. Gonzales,* 253 S.W.3d 86, 89 (Mo.App.2008). Our role is to " 'determine whether enough evidence was produced at trial that a reasonable person could conclude that the accused was guilty.' " *State v. Martin,* 211 S.W.3d 648, 651 (Mo.App. 2007) (quoting *State v. Vineyard,* 839 S.W.2d 686, 690 (Mo.App.1992)). In determining whether the evidence is sufficient to support a conviction, we view the evidence and all reasonable inferences therefrom in the light most favorable to the verdict, and we disregard all contradictory evidence and inferences. *Johnson,* 244 S.W.3d at 152. We defer to the jury's superior position to assess the credibility of witnesses and the weight and value of their testimony. *Id.* It is within the jury's province to believe all, some, or none of any witness's testimony in arriving at its verdict. *State v. Nelson,* 818 S.W.2d 285, 288 (Mo.App.1991).

Section 575.270.2 defines the crime of victim tampering:

A person commits the crime of "victim tampering" if, with purpose to do so, he prevents or dissuades or attempts to prevent or dissuade any person who has been a victim of any crime or a person who is acting on behalf of any such victim from:

(1) Making any report of such victimization to any peace officer, or state, local or federal law enforcement officer or prosecuting agency or to any judge;

(2) Causing a complaint, indictment or information to be sought and prosecuted or assisting in the prosecution thereof;

(3) Arresting or causing or seeking the arrest of any person in connection with such victimization.

Section 564.011 defines attempt:

A person is guilty of attempt to commit an offense when, with the purpose of committing the offense, he does any act which is a substantial step towards the commission of the offense. A "substantial step" is conduct which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense.

Here, the state produced sufficient evidence to make a submissible case on the charge of attempted victim tampering in that the state showed that defendant attempted to prevent or dissuade G.W. from reporting defendant's actions to the proper authorities. In a videotaped interview conducted by an interview specialist with the Children's Advocacy Center, G.W. stated that defendant threatened to kill her if

she told anyone about defendant's actions. In addition, G.W. testified at trial that after the incidents occurred, which was when she was seven years old, she did not tell her mother what defendant did to her because she was afraid of defendant and because she thought she would get in trouble. G.W. did not tell anyone about the incidents with defendant for a year. At that time, G.W. was present when the other victim, J.T., told a neighbor about defendant's actions involving her. After J.T. finished talking, G.W. told the neighbor what defendant did to her. Some time thereafter, the neighbor requested that the victims' mother come over to her house while both of the victims were present. With the neighbor's encouragement, both of the victims informed their mother about what defendant had done to them. G.W. told her mother that she had not said anything earlier because defendant told her she would get in trouble if she did. G.W.'s parents then took G.W. to the hospital to be examined, at which time a hotline report was made to the authorities.

This evidence was sufficient for a reasonable juror to find that defendant attempted, by threatening G.W. if she told "anyone," to prevent or dissuade G.W. from reporting defendant's actions to the proper authorities. The trial court did not err in overruling defendant's motion for acquittal and entering judgment on the jury verdict. Point one is denied.

## II. Count IV—Variance

For his second point, defendant asserts that the trial court plainly erred in accepting the jury's verdict and in entering a judgment against him for statutory rape in the second degree because Count IV of the substitute information charged him with statutory sodomy in the second degree, but he was convicted of statutory rape in the second degree, resulting in a fatal variance between the information and the conviction.

This point has not been preserved for appeal. Defendant never called to the court's attention at any stage of the trial or post trial proceedings that Count IV did not charge statutory rape in the second degree; that the verdict directing instruction on Count IV instructed on an uncharged crime; or that the judgment was entered on an uncharged crime. Rather, defendant tried the case as though Count IV charged statutory rape in the second degree.

We may, however, consider plain errors affecting substantial rights when the error complained of impacts so substantially upon the rights of the defendant that manifest injustice or a miscarriage of justice will result if left uncorrected. Rule 30.20; *State v. McLaughlin*, 265 S.W.3d 257, 262 (Mo. banc 2008). This is such a case.

Due process requires that a defendant not be convicted of an offense not charged in an indictment. *State v. Smith*, 592 S.W.2d 165, 165 (Mo. banc 1979); *State v. Shipley*, 920 S.W.2d 120, 122 (Mo.App. 1996). *See also State v. Cain*, 980 S.W.2d 145, 146 (Mo.App.1998); *State v. Gant*, 586 S.W.2d 755, 762 (Mo.App.1979). "[A] person cannot be convicted of a crime with which the person was not charged unless it is a lesser included offense of a charged offense." *State v. Parkhurst*, 845 S.W.2d 31, 35 (Mo. banc 1992).

Here, defendant was convicted of an offense with which he had not been charged and which was not a lesser-included offense of the charged offense. Defendant was charged in Count IV with statutory sodomy in the second degree. A person commits the crime of statutory sodomy in the second degree if, being twenty-one years of age or older, he has

deviate sexual intercourse with another person who is less than seventeen years of age. Section 566.064. "Deviate sexual intercourse" is defined as

"any act involving the genitals of one person and the hand, mouth, tongue, or anus of another person or a sexual act involving the penetration, however slight, of the male or female sex organ or the anus by a finger, instrument or object done for the purpose of arousing or gratifying the sexual desire of any person or for the purpose of terrorizing the victim."

Section 566.010(1).

However, defendant was found guilty of statutory rape in the second degree on Count IV. A person commits the crime of statutory rape in the second degree if, being twenty-one years of age or older, he has sexual intercourse with another person who is less than seventeen years of age. Section 566.034. "Sexual intercourse" is defined as "any penetration, however slight, of the female sex organ by the male sex organ, whether or not an emission results." Section 566.010(4).

Although both of these offenses involve sexual misconduct, they are separate and distinct crimes in that statutory rape requires penetration of the female sex organ by the male sex organ, section 566.034, whereas, by definition, statutory sodomy excludes such penetration. Sections 566.010(1) and 566.064. Although the caption of the substitute information identifies Count IV as charging statutory rape in the second degree, the caption of an information is not a part of the charge. *State v. Cunningham,* 380 S.W.2d 401, 403 (Mo. 1964).

The state concedes that the variance between the substitute information and the conviction on Count IV is fatal. However, it proposes two solutions in lieu of reversal. First, it requests that we remand the case to determine whether a part of the record was omitted showing that Count IV of the substitute information was amended to charge statutory rape in the second degree. We reject this proposal. Nothing in the trial court minutes or the transcript suggests the possibility that the case went to trial on an amended substitute information. Rather, it is plain that beginning with the initial complaint and continuing with the indictment and substitute information, Count IV was misdescribed in the captions or summaries of those documents as a charge of statutory rape in the second degree, and the parties relied on this misdescription in prosecuting and defending the case.

Next, the state proposes that we remand the case to the trial court with directions to enter a verdict and sentence on Count IV for child molestation in the second degree, which is a lesser-included offense of statutory sodomy. The state asserts that defendant was put on notice of the child molestation charge because it is a lesser-included offense of statutory sodomy in the second degree. The state argues that the jury, in finding defendant guilty of second degree statutory rape, by necessity found facts that would support a conviction for the crime of child molestation in the second degree.[3] The state relies on the rule that when "a conviction of a greater offense has been overturned for insufficiency of the evidence, the reviewing court may enter a conviction for a lesser offense if the evidence was sufficient for the jury to

---

3. A person commits the crime of child molestation in the second degree if he or she subjects another person who is less than seventeen years of age to sexual contact. Section 566.068. A person commits the crime of statutory rape in the second degree if he is twenty-one years or older and has sexual intercourse with a victim who is less than seventeen years old. Section 566.034.

find each of the elements and the jury was required to find those elements to enter the ill-fated conviction of the greater offense." *State v. O'Brien*, 857 S.W.2d 212, 220 (Mo. banc 1993). However, in this case, defendant's conviction of statutory rape in the second degree is not being overturned because of insufficiency of the evidence to support the conviction. Rather, defendant's conviction is being overturned because of the fatal variance between the charging document and the conviction. Further, the state has not cited any authority that would allow this court to enter a conviction of a lesser-included offense when the greater crime was not charged.

The entry of judgment on a conviction not charged in the substitute information constitutes plain error requiring reversal. *See Shipley*, 920 S.W.2d at 123. The trial court plainly erred in accepting the jury's verdict and in entering a judgment of conviction and sentence against defendant for statutory rape in the second degree on Count IV. Point two is granted.

### III. *Sufficiency of Evidence—Count IV*

For his third point, defendant asserts that the trial court erred in denying his motion for judgment of acquittal because there was insufficient evidence from which a reasonable juror could find defendant guilty of statutory rape in the second degree. This point is denied as moot because the conviction on Count IV is being reversed on other grounds.

### Conclusion

The judgment on Count IV is reversed. The judgment on Counts I, II, III, and V is affirmed.

MARY K. HOFF, J. and KENNETH M. ROMINES, J., concur.