STATE of Missouri, Respondent,

v.

Mikal MUHAMMAD, Appellant.

No. ED 94323.

Missouri Court of Appeals, Eastern District, Division Three.

March 1, 2011.

Brocca L. Smith, St. Louis, MO, for appellant.

Chris Koster, Atty. Gen., John W. Grantham, Asst. Atty. Gen., Jefferson City, MO, for respondent.

LAWRENCE E. MOONEY, Judge.

The defendant, Mikal Muhammad, alleges the trial court plainly erred when it instructed the jury as to the offense of felonious restraint, rather than the offense of false imprisonment with which he was charged. We affirm the convictions for false imprisonment because the jury necessarily found all elements of false imprisonment when it concluded the defendant was guilty of the greater offense of felonious restraint. But we reverse the judgment's designation of the false-imprisonment counts as class D felonies and remand the cause with instructions to designate these offenses as class A misdemeanors and to resentence the defendant within the corresponding range of punishment.

### Factual and Procedural Background

The State charged the defendant with two counts of false imprisonment, designating those offenses as class D felonies.[1] At trial, without objection, the court instructed the jury on two counts of felonious restraint rather than false imprisonment. The jury found the defendant guilty of felonious restraint on both counts.

The trial court entered judgment on defendant's convictions.[2] However, the court did not enter judgment against the defendant for felonious restraint. Rather, the court entered judgment against the defendant for two counts of false imprisonment, designated in the judgment as being class D felonies. The trial court then sentenced the defendant to a term of four years' imprisonment on each of the two counts, said sentences to be served concurrently with each other and with the sentences imposed on the other counts.[3]

The defendant appeals, asserting the trial court erred in instructing the jury on felonious restraint rather than false imprisonment. He argues that he was convicted of a crime with which he had not been charged, and asks that we reverse his convictions. In the alternative, the defendant contends that false imprisonment, as applicable here, is a class A misdemeanor, punishable by a term of imprisonment not to exceed one year. He therefore argues that his four-year sentences on the two false-imprisonment counts are excessive, and asks that we remand the cause for resentencing.

### Standard of Review

The defendant acknowledges that he did not preserve his claims of error for appellate review; thus, he requests that we review the claims for plain error under Rule 30.20. That rule authorizes this Court to consider unpreserved claims for plain error at our discretion. Rule 30.20. Under plain-error review, we will reverse only if a plain error affecting a substantial right results in manifest injustice or a miscarriage of justice. *Id.; State v. Irby*, 254 S.W.3d 181, 192 (Mo.App. E.D. 2008). Plain-error review involves a two-step analysis. *State v. Partain*, 310 S.W.3d 765, 767 (Mo.App. E.D.2010). First, we determine whether the trial court committed plain error, which is error that is evident, obvious, and clear. *Id.* If we so conclude, we may then proceed to the second step of the analysis, to consider whether manifest injustice or a miscarriage of justice actually resulted from the error. *Id.* Plain-error review is appropriate where a defendant has been convicted of a crime with which he was not charged. *State v. Gant*, 586 S.W.2d 755, 762 (Mo. App. W.D.1979). Plain-error review is also justified where it appears a defendant has received an unauthorized sentence. *State v. Scott*, 298 S.W.3d 913, 918 (Mo.App. E.D.2009).

---

1. The State charged the defendant with two counts of first-degree robbery (Counts I and III), one count of first-degree burglary (Count V), three counts of armed criminal action (Counts II, IV, and VI), and two counts of false imprisonment (Counts VII and VIII).

2. The jury also found the defendant guilty of two counts of first-degree robbery, one count of first-degree burglary, and three counts of armed criminal action.

3. The trial court sentenced the defendant as a prior offender to a term of twenty-five years' imprisonment on each of the robbery counts and each of the associated armed-criminal-action counts; a term of ten years' imprisonment each on the burglary count and its associated armed-criminal-action count; and a term of four years' imprisonment on each of the false-imprisonment counts, all terms to be served concurrently to one another, for a total of twenty-five years' imprisonment.

### Discussion

■■■■ Due process requires that a defendant may not be convicted of an offense not charged in the information or indictment. *State v. Smith*, 592 S.W.2d 165, 165 (Mo. banc 1979); *State v. Pullum*, 281 S.W.3d 912, 916 (Mo.App. E.D.2009). Accordingly, a trial court may not instruct on an offense not specifically charged unless it is a lesser-included offense. *Smith*, 592 S.W.2d at 165; *State v. Shipley*, 920 S.W.2d 120, 122 (Mo.App. E.D.1996). The State here charged the defendant with false imprisonment. But the trial court instructed the jury on felonious restraint, an offense with which the defendant had not been charged and that is not a lesser-included offense of the charged offense. Felonious restraint is not a lesser-included offense of false imprisonment; rather, just the contrary is true—false imprisonment is a lesser-included offense of felonious restraint.[4] *State v. Cobbins*, 21 S.W.3d 876, 880 (Mo.App. E.D.2000). The trial court plainly erred in instructing the jury on felonious restraint. However, although the jury found the defendant guilty of an offense with which he had not been charged, the variance between the charging document and the convictions is not fatal in this case. By finding the defendant guilty of the greater offense of felonious restraint, the jury necessarily found that the defendant committed all the elements of false imprisonment as charged. Moreover, the trial court entered judgment against the defendant for the lesser-included offense of false imprisonment, not the greater offense of felonious restraint. The trial court's error in giving the incorrect instructions, and the variance between the charging document and the convictions, were remedied when the trial court entered judgment on two counts of false imprisonment with which defendant had been charged and that were necessarily proven to the jury's satisfaction beyond a reasonable doubt. The trial court's instructional error caused no manifest injustice or miscarriage of justice. We find no cause to reverse the defendant's convictions.

■■■■ While we do not disturb the defendant's convictions for false imprisonment, we do grant relief as to the erroneous designation of those convictions as class D felonies. The charging document and the court's judgment designate the false-imprisonment charges as class D felonies. However, false imprisonment is a class A misdemeanor unless the person unlawfully restrained is removed from this state, in which case the offense is a class D felony. Section 565.130.2 RSMo 2000.[5] As the State readily acknowledges, it did not charge the defendant with removing either of the victims from the state. Nor did it adduce any evidence at trial that the defendant removed the victims from the state of Missouri. Instead, the evidence showed that the defendant restrained the victims in their home in St. Louis. Under these circumstances, the two false-imprisonment charges were mistakenly designated as class D felonies. The State on appeal acknowledges this mistake and refers to the two false-imprisonment counts as class A misdemeanors. We reverse the

---

4. A person commits felonious restraint if he: knowingly restrains another person unlawfully and without consent so as to interfere substantially with his liberty and exposes him to a substantial risk of serious physical injury.
   Section 565.120.1.

A person commits false imprisonment if he: knowingly restrains another person unlawfully and without consent so as to interfere substantially with his liberty.
Section 565.130.1.

5. All statutory references are to RSMo 2000.

168

judgment's designation of the false-imprisonment counts as class D felonies.

The authorized term of imprisonment for a class A misdemeanor is a term "not to exceed one year." Section 558.011.1(5). The four-year terms imposed by the trial court exceed the statutorily-authorized terms of imprisonment. The State admits the sentences are excessive and acknowledges that resentencing would be appropriate.

Accordingly, we remand the cause to the trial court with instructions to enter an amended written judgment designating the false-imprisonment charges as class A misdemeanors, and then to resentence the defendant within the range for class A misdemeanors on Counts VII and VIII, the two false-imprisonment counts. In all other respects, we affirm the trial court's judgment.

SHERRI B. SULLIVAN, P.J., and CLIFFORD H. AHRENS, J., concur.