STATE of Missouri, Respondent,

v.

Emily BOLDEN, Appellant.

No. SC 92175.

Supreme Court of Missouri, En Banc.

July 3, 2012.

---

Jessica M. Hathaway, Public Defender's Office, St. Louis, for Bolden.

Shaun J. Mackelprang, Jayne T. Woods, Attorney General's Office, Jefferson City, for the State.

MARY R. RUSSELL, Judge.

During Emily Bolden's ("Defendant") trial for assault and armed criminal action she and the State jointly proffered a defense-of-others instruction to the trial court that was submitted to the jury. She now claims that the submission of the erroneous instruction to the jury was plain error and seeks reversal of her conviction. This Court affirms the conviction in that there is no *sua sponte* duty for the trial court to correct the defendant's faulty proffered instructions.

### Facts

Defendant and her brother arrived at Fannie Powell's ("Victim") front door looking for two other individuals. Victim's daughter answered the door, told Defen-

dant and Defendant's brother that the individuals they sought were not at the house, and ordered them to leave. At this point, a melee occurred. The State presented testimony that Defendant was the initial aggressor, lunging at Victim's daughter and stabbing her in the hand with a knife. Defendant presented testimony that Victim's daughter was the initial aggressor against Defendant's brother. In Defendant's account of the facts, Defendant's brother saw Victim's daughter coming to the door with an object in her hand, and she stabbed him first in the eye. Upon seeing Victim's daughter's actions, Defendant started swinging her knife at Victim.

Regardless of which account of the facts is accurate, Victim was stabbed by Defendant 11 times. Defendant also took her brother to the hospital, where he was treated for the stab wound to his eye.

Defendant and her brother were charged jointly with two counts of first-degree assault and two counts of armed criminal action. Defendant was also charged separately with second-degree assault and an additional count of armed criminal action.

With regard to Defendant's first-degree assault charge against Victim, the jury was instructed about defense of others. During the jury instruction conference, the State and Defendant jointly proffered what they both believed to be the appropriate instruction. Defendant did not object to its submission, stating:

> For the record, I had an instruction of defense of others, and counsel for the state and I collaborated over what we thought would be the best version given the change in the law and our disagreements over the language and settled

upon the instruction that was submitted—ultimately submitted by the state. The jury convicted Defendant of first-degree assault against Victim.

Even though Defendant jointly proffered the defense-of-others instruction, Defendant appeals, contending that the instruction contained errors and that the submission of the instruction to the jury was plain error. The instruction read, in relevant part:

> . . . .
>
> In order for a person lawfully to use force in defense of another person, such a defender must reasonably believe such force is necessary to defend the person she is trying to protect from what *he* reasonably believes to be the imminent use of unlawful force.
>
> But, a person acting in the defense of another person is not permitted to use deadly force unless she reasonably believes the use of deadly force is necessary to protect the person against death or serious physical injury.
>
> . . . .
>
> Second, in [sic] the defendant reasonably believed that the use of force was necessary to defend .[Defendant's brother] *from what the defendant reasonably believed to be the imminent use of unlawful force by [Victim]*, and
>
> Third, the defendant reasonably believed that the use of deadly force was necessary to protect [Defendant's brother] from death or serious physical injury *from the acts of [Victim]*, then her use of deadly force is justifiable and she acted in lawful defense of another person.
>
> . . . .

(Emphasis added).

 Defendant contends on appeal[1] that the trial court committed plain error

---

1. This Court has jurisdiction pursuant to article V, section 10 of the Missouri Constitution.

by submitting this instruction, which she proffered, to the jury because: (1) it used the improper male pronoun "he" instead of the female "she" when instructing the jury to decide whether Defendant reasonably believed that force was necessary to defend her brother from what she reasonably believed to be the use of imminent unlawful force; (2) it was based on the most current version of the MAI defense-of-others instruction when the crime was committed at a time that required the use of a previous version; and (3) it instructed the jury only to consider the use of force by Victim when it should have also instructed the jury to consider others acting in concert with Victim, namely Victim's daughter.[2]

## Analysis

▉▉▉ The question before this Court is whether the joint submission of a defective jury instruction by the State and Defendant requires reversal.

▉▉▉ If the defendant injects self-defense into the case and there is substantial evidence to support a self-defense instruction, it is reversible error for the trial court to fail to submit a self-defense instruction to the jury under plain error review. *State v. Westfall,* 75 S.W.3d 278, 281 n. 9 (Mo. banc 2002). The defense-of-others justification is essentially an extension of the self-defense justification, in that

the actor may do in another's defense anything the person himself may have lawfully done in the circumstances. *State v. Grier,* 609 S.W.2d 201, 204 (Mo.App.1980); *State v. Turner,* 246 Mo. 598, 152 S.W. 313, 316 (1912). It follows that, if the defendant carries the burden of introducing substantial evidence to support a defense-of-others instruction, it is error for the trial court to fail to submit a defense-of-others instruction to the jury just as it is error to fail to submit a self-defense instruction.

In this case, however, the trial court did submit a defense-of-others instruction to the jury. It accepted the jointly proffered instruction from both parties and submitted that instruction. Although the instruction did not properly instruct the jury that it could consider the actions of multiple assailants when considering whether Defendant's actions were reasonable, the trial court did not fail to submit a defense-of-others instruction to the jury. As such, *Westfall* is inapposite in this case.

The question remains whether a trial court has the *sua sponte* duty to correct an erroneous instruction proffered by the party claiming error. *State v. Beck,* 167 S.W.3d 767, 777–78 (Mo.App.2005), expanded the rule in *Westfall,* reading it to require reversal of a conviction of assault under plain error review when the trial court failed to correct defense counsel's erroneous proffered defense-of-others instruction.

2. Defendant also claims that the trial court abused its discretion in refusing to hold an evidentiary hearing to determine whether the verdicts should be set aside because of a juror's post-verdict statement that indicated he may have changed his mind and that he believed he was not qualified to sit on a jury because he had never served as a juror before. The trial court did not abuse its discretion because nothing in the juror's statement indicated that he harbored any bias or committed juror misconduct. He was merely having second thoughts about his vote in the case. "[J]uror testimony is improper if it

merely alleges that jurors acted on improper motives, reasoning, beliefs, or mental operations, also known as matters inherent in the verdict." *Fleshner v. Pepose Vision Inst., P.C.,* 304 S.W.3d 81, 87 (Mo. banc 2010) (internal quotation marks omitted). Matters inherent in the verdict include a "juror not understanding the law as stated in the instructions, a juror not joining in the verdict, a juror voting a certain way due to misconception of the evidence, a juror misunderstanding the statements of a witness, and a juror being mistaken in his calculations." *Id.* at 87 n. 4.

*Beck* misinterprets the rule in *Westfall.* The failure to submit a mandatory instruction is, as *Westfall* reasons, a trial court error. 75 S.W.3d at 284. As such, it is grounds for reversal on plain error review. In contrast, the proffering of an incorrect instruction to the trial court is an invited error by the party who proffered the instruction. It defies logic and the clear directives of Missouri law to allow a defendant to both proffer an instruction to the trial court and to complain that the trial court's submission of that instruction to the jury is reversible error.

 This Court has long held that a defendant cannot complain about an instruction given at his request. *State v. Leisure,* 796 S.W.2d 875, 877 (Mo. banc 1990). "It is axiomatic that a defendant may not take advantage of self-invited error or error of his own making." *State v. Mayes,* 63 S.W.3d 615, 632 n. 6 (Mo. banc 2001). When Defendant requested that the trial court submit the instruction in question, she waived appellate review of the trial court's submission of that instruction to the jury. Although plain error review is discretionary, this Court will not use plain error to impose a *sua sponte* duty on the trial court to correct Defendant's invited errors. To that extent, *Beck* is overruled.

### Conclusion

Defendant waived appellate review by proffering the instruction of which she now complains. This Court declines to use plain error review to impose a *sua sponte* duty on the trial court to correct erroneous instructions proffered by the complaining party. The judgment is affirmed.

TEITELMAN, C.J., BRECKENRIDGE, FISCHER, STITH, and PRICE, JJ., and BYRN, Sp.J. concur; DRAPER, J., not participating.