

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED112413 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | Cause No. 21SL-CR01768-01 |
| | ) | |
| CHRISTOPHER L. BOLDEN, | ) | Hon. Nancy M. Watkins McLaughlin |
| | ) | |
| Appellant. | ) | FILED: July 8, 2025 |

## Introduction

Christopher Bolden (Bolden) appeals from his convictions after a jury trial of second-degree murder, unlawful use of a weapon, unlawful possession of a firearm, and two counts of armed criminal action. In his sole point on appeal, Bolden argues that the trial court plainly erred in not *sua sponte* instructing the jury on the theory of defense of others because substantial evidence supporting that instruction was presented. We disagree and affirm the judgment of the trial court.

## Factual and Procedural Background

Bolden and Ex-Girlfriend dated for eight years and had two children together. They ended their relationship in 2019 but remained in contact and continued to co-parent. Ex-Girlfriend and Victim began dating in November 2020. Bolden desired to reunite with Ex-Girlfriend and did not like that Victim was dating Ex-Girlfriend. Bolden had never met Victim, but had interacted with him by phone, on social media, and through Ex-Girlfriend.

On April 20, 2021, Bolden texted Ex-Girlfriend nearly 100 times and called her 103 times in a nine-hour period, in addition to appearing at her work. Bolden suspected Ex-Girlfriend was with Victim, which made him angry. Around 11:21 p.m., Bolden went to Ex-Girlfriend's house. Ex-Girlfriend and Victim were outside, sitting in Ex-Girlfriend's car. Ex-Girlfriend was in the front seat and Victim was sitting in the back. Bolden opened the back door and fired four shots, striking Victim twice. Bolden fled the scene. On June 3, 2021, following a high-speed chase, Bolden was apprehended in Illinois. Officers recovered a handgun Bolden disposed of during the chase, which was later determined to be the murder weapon.

In a police interview, Bolden initially told detectives that both Ex-Girlfriend and Victim were in the back seat of the car and Victim was choking Ex-Girlfriend. Bolden said that he pulled Ex-Girlfriend out of the car, Victim punched him, and he shot Victim. The interviewing detective told Bolden that he knew Ex-Girlfriend was not in the backseat. Bolden then admitted that Ex-Girlfriend was in the front of the car. Bolden next claimed that although he did not actually see a weapon, Victim moved his arm causing Bolden to assume Victim had a gun. Bolden drew his firearm and shot Victim. No gun was recovered from Victim.

Bolden was indicted by grand jury for first-degree murder, unlawful use of a weapon for shooting at a motor vehicle, unlawful use of a weapon for exhibiting a firearm in an angry or threatening manner, unlawful possession of a firearm, and two counts of armed criminal action. The case proceeded to jury trial on May 15, 2023. Bolden testified that Victim had previously threatened him and that he killed Victim because he was in fear for his life. Bolden reiterated that he saw an arm movement and believed Victim was pulling out a weapon. On cross-examination, Bolden confessed that the first version of his story, that he saw Victim choking Ex-Girlfriend, was a lie:

[Prosecutor:] Okay. So, the first version you tell is that [Ex-Girlfriend] was being choked in the backseat, and you were saving her, and that's why you shot [Victim]. Is that correct?

[Bolden:] Yes, ma'am.

[Prosecutor:] Okay. And that was a lie.

[Bolden:] Yes, ma'am.

In closing, defense counsel made no argument that Bolden was acting in Ex-Girlfriend's defense, instead focusing on self-defense. Bolden offered a self-defense instruction, which was accepted. He did not request a defense-of-others instruction and further agreed to all instructions presented. The jury returned guilty verdicts for the lesser-included second-degree murder, unlawful use of a weapon for firing at a motor vehicle, unlawful possession of a firearm, and both counts of armed criminal action. Bolden was acquitted of the remaining charges.

On August 25, 2023, the trial court sentenced Bolden to life in prison plus 15 years. This appeal follows.

Standard of Review

Bolden acknowledges that his claim of instructional error was not preserved and requests that we exercise our discretion under Rule 30.20[1] to conduct plain error review. *State v. Hill*, 697 S.W.3d 885, 888 (Mo. App. E.D. 2024). We will decline to review for plain error unless appellant's claim "facially establishes substantial grounds for believing that manifest injustice or miscarriage of justice has resulted." *State v. Brandolese*, 601 S.W.3d 519, 526 (Mo banc. 2020). Plain error review determines "whether there was 'evident, obvious, and clear' error 'affecting substantial rights'" and, if so, "whether that plain error resulted in 'manifest injustice or miscarriage of justice.'" *Hill*, 697 S.W.3d at 888 (quoting *State v. Kendrick*, 550 S.W.3d 117, 120-21 (Mo. App. W.D. 2018)).

---

[1] All rule references are to the Missouri Supreme Court Rules (2024).

Further, instructional error is rarely plain error, and only exists "when it is clear that the trial court has so misdirected or failed to instruct the jury that manifest injustice or miscarriage of justice has resulted." *State v. O'Keefe*, 681 S.W.3d 615, 626 (Mo. App. E.D. 2023) (internal quotation omitted). Questions of law, including whether a justification defense was supported by the evidence, are reviewed *de novo*. *Id.* at 627. "[W]e view the evidence in the light most favorable to giving the defendant's self-defense instruction." *Id.* However, we will not reverse on the basis of instructional error unless it is clear that the jury's verdict was tainted by that error. *Id.* at 626.

<u>Discussion</u>

In his sole point on appeal, Bolden asserts that the trial court plainly erred in failing to *sua sponte* instruct the jury as to defense-of-others. We disagree and decline to conduct plain error review because Bolden recanted the only evidence supporting a defense-of-others instruction.

Section 563.031 governs the defense-of-others justification defense.[2] *O'Keefe*, 681 S.W.3d at 627. Deadly force may be justified if a person "reasonably believes that such deadly force is necessary to protect himself, or herself or her unborn child, or another against death, serious physical injury, or any forcible felony." Section 563.031.2. A defense-of-others justification is an "extension of the self-defense justification, in that the actor may do in another's defense anything the person himself may have lawfully done in the circumstances." *State v. Bolden*, 371 S.W.3d 802, 805 (Mo. banc 2012). Using deadly force in defense of another "is justified only when the defender reasonably believes deadly force is necessary to protect . . . another person from *immediate* danger of death or serious bodily harm." *O'Keefe*, 681 S.W.3d at 627 (alteration in original) (emphasis added) (internal quotation omitted). The burden is on the defendant to inject the issue. Section 563.031.5.

---

[2] All statutory references are to RSMo (2016).

4

Viewing the evidence in the light most favorable to Bolden, the record does not support that he reasonably believed Ex-Girlfriend was in imminent danger of death or serious bodily harm. Bolden admits he made up the only evidence that Victim was choking Ex-Girlfriend. Because the record lacks substantial evidence that Bolden acted to protect Ex-Girlfriend, the trial court did not commit evident, obvious, and clear error by failing to *sua sponte* instruct the jury on defense-of-others. *See State v. Burnett*, 481 S.W.3d 91, 95 (Mo. App. E.D. 2016) ("A jury instruction must be supported by substantial evidence and the reasonable inferences to be drawn therefrom." (quoting *State v. Avery*, 275 S.W.3d 231, 233 (Mo. banc 2009))).

Were we to take Bolden's choking story as true, still no evidence of imminent threat exists. Even if Victim were choking Ex-Girlfriend, Bolden stated he had physically removed Ex-Girlfriend from the car before shooting Victim. Once the alleged choking had ceased and Ex-Girlfriend was outside of the car, deadly force was no longer justified to protect her. *O'Keefe*, at 628. Bolden could not have reasonably believed that deadly force was necessary. No *sua sponte* defense-of-others instruction would be required in this scenario either.

Bolden's claim of error does not "facially establish substantial grounds for believing that manifest injustice or miscarriage of justice has resulted." *Brandolese*, 601 S.W.3d at 526. Point denied.

<u>Conclusion</u>

For the reasons set forth above, we decline to conduct plain error review. The judgment of the trial court is affirmed.

Virginia W. Lay, J.

Lisa P. Page, P.J., concurs.
Rebeca Navarro-McKelvey, J., concurs.

5