

# Missouri Court of Appeals

## Southern District

### In Division

In the Estate of Sandra Louise McLaughlin, )
)
NICOLE McLAUGHLIN and )
BRANDON McLAUGHLIN, )
)
      Appellants, )
) No. SD37394
    vs. )
) FILED: March 2, 2023
ROBERT CANMAN, personally and as )
Personal Representative of the Estate of )
Sandra McLaughlin, BARBARA WAYNER, )
NANCI MOLENAAR-LOTKOWSKI and )
SUSAN LUBIENIECKI, )
)
      Respondents. )

### APPEAL FROM THE CIRCUIT COURT OF STONE COUNTY

#### Honorable Mark A. Stephens, Judge

#### **AFFIRMED**

Nicole McLaughlin and Brandon McLaughlin ("Appellants") appeal the judgment of the

Probate Division of the Circuit Court ("the probate court") denying Appellants' one-count

petition that purports to allege a claim in accordance with the provisions of section 461.300

(denominated by Appellants as an "Action for Accounting").[1]  In two points, Appellants contend

---

[1] Under section 461.300.1, "[e]ach recipient of a recoverable transfer of a decedent's property shall be liable to account for a pro rata share of the value of all such property received, to the extent necessary to discharge . . . claims remaining unpaid after application of the decedent's estate . . . ."  All statutory references are to RSMo 2016.

the probate court's judgment misapplies section 461.300.  However, because the Action for

Accounting invited the errors alleged, and litigants cannot take advantage of self-invited errors,

we affirm the judgment.

This case involves the transfer of assets by Sandra McLaughlin,[2] Appellants'

grandmother, who passed away in 2016.  Following Sandra's death, Appellants filed their Action

for Accounting against the personal representative of Sandra's estate, Robert Canman, in both

his personal and representative capacities; and Sandra's sisters, Barbara Wayner, Nanci

Molenaar-Lotkowksi, and Susan Lubieniecki.  Appellants generally allege they have actionable

claims in tort against Sandra for negligence, Sandra made various recoverable transfers of

property before her death, and one or more of the named parties were recipients of such transfers.

Following a bench trial, which included several other cases involving the estate that were

consolidated for purposes of trial, the probate court issued a written judgment containing

findings of fact and conclusions of law.  As relevant here, the probate court made the following

determinations:

> As to Paragraph 27 and all subparts, the Court finds [Appellants] have failed to
> meet their burden that [Sandra] transferred her property including her home in
> Reeds Spring, prior to her death for the purpose of denying [Appellants] assets
> recoverable under 461.300, RSMo.
>
> The Court find[s] [Appellants] have failed to meet the burden of proof in their
> Petition for Accounting in that they have failed to show substantial evidence that
> property transferred by [Sandra] prior to her death was transferred specifically for
> the purpose of concealing assets that would be recoverable if [Appellants] were
> qualified claimants.
>
> The assets alleged to have been fraudulently transferred, were transferred by
> [Sandra] prior to her death in 2016, and prior to the cause of action for damages
> brought against [her estate] filed by [Appellants] in 17SN-CC00064,
> contemporaneously with their Petition for Accounting and Robert Canman's
> Petition to Contest the Will.  Even so, [Appellants] fail to show substantial

---

[2] Because Sandra shares the same last name as Appellants, we refer to her by her first name.  No disrespect is
intended.

2

evidence that such transfers were made specifically for the purpose of denying [Appellants] assets they might be entitled to recover under Section 461.300, RSMo.

. . . [Appellants] failed to show substantial evidence that their claims arose before the transfer of assets as alleged in paragraph 28a. [Appellants] brought their cause of action for damages stemming from their childhood abuse at the hands of their grandfather after [Sandra]'s death.

Based on the foregoing, the probate court ultimately ruled against and denied any relief to Appellants.

In their two points, Appellants challenge the aforementioned probate court determinations. Specifically, Appellants argue that (1) section 461.300 "does not impose an intent requirement and the [probate] court had no power or authority to read into the statute an intent requirement that is not present or necessary"; and (2) section 461.300 "requires only that the decedent's liability to a creditor survive the decedent's death, there is no requirement that suit be filed or a judgment obtained prior to the decedent transferring assets, and the [probate] court had no power or authority to read such a requirement into the statute[.]" These arguments, however, ignore that the challenged determinations address allegations Appellants raised first and upon which Appellants' Action for Accounting is based.

Thus, we turn to the Action for Accounting, which is comprised of thirty numbered paragraphs, the first twenty-five of which are denominated as follows: paragraphs 1 through 7 are under the heading, "**Parties**"; paragraphs 8 through 10 are under the heading, "**Jurisdiction & Venue**"; paragraphs 11 through 15 are under the heading, "**Procedural Background**"; and paragraphs 16 through 25 are under the heading, "**Factual Background**[.]" For clarity and for the purposes of our discussion, we quote, *in toto*, the remaining paragraphs and their heading as follows:

3

## Count I: Action for Accounting

26. [Appellants] incorporate by reference paragraphs 1 to 25 in haec verba.

27. [Sandra] recognized her liability to [Appellants] and, just prior to her death, sought to transfer assets out of her own name to third parties to prevent [Appellants] from recovering anything against her or her estate. These transfers are "**Recoverable Transfers**" for purposes of 461.300, RSMo, in that, the assets *fraudulently* transferred by [Sandra] immediately prior to her death would have been subject to satisfy her debts immediately prior to her death.

28. The transfers by [Sandra] were "**fraudulent**" for purposes of the Missouri Uniform Fraudulent Transfers Act, 428.005, RSMo et seq., in that, on information and belief:

> a. The claims of [Appellants] against [Sandra] *arose prior to Sandra transferring the entirety of her assets to third parties*;
>
> b. [Sandra] transferred her assets with *the actual intent to hinder, delay and defraud [Appellants]*, and without receiving any reasonably equivalent value in exchange;
>
> c. And, it seems likely that Sandra transferred her assets (or most of them) to her sisters, while retaining actual control and use of these assets.

29. To date, [Appellants] have determined that [Sandra] transferred her home in Stone County to her sisters just prior to her death. This transfer was discovered through the deed recorded in the office of the Stone County Recorder.

30. In addition to owning her own home, [Sandra] had one or more automobiles, bank accounts, and life insurance. Sandra was not impoverished. [Appellants] do not know what happened to her personal property, except that, on information and belief, it seems that Sandra likely transferred it to one or more of the defendants named in this suit, making defendants "**recipients**" of the property for purposes of 461.300, RSMo.

(Emphasis added.)

"The general rule of law is that a party may not invite error and then complain on appeal that the error invited was in fact made." *Pierson v. Kirkpatrick*, 357 S.W.3d 293, 299 (Mo.App. 2012) (internal quotation marks omitted). "It is axiomatic that a defendant may not take advantage of self-invited error or error of his [or her] own making." *State v. Bolden*, 371 S.W.3d 802, 806 (Mo. banc 2012).

4

In ***B.B. v. Methodist Church of Shelbina, Missouri***, 541 S.W.3d 644, 661 (Mo.App. 2017), the plaintiff framed two counts in his civil petition on section 562.056.1, a criminal aiding and abetting statute. The trial court granted summary judgment in favor of the defendant on the basis there could be no civil liability under section 562.056.1. *Id.* The plaintiff appealed, contending the court erred in citing and relying on section 562.056.1 in granting summary judgment. *Id.* The Eastern District of this Court held that "[t]he trial court was entitled to rely on [the plaintiff]'s cause of action *as it was pled* and to focus on the issues before it *in accordance with the pleadings*." *Id.* (emphasis added). As a consequence, the plaintiff "[could not] complain the trial court erred in considering the statutory provision upon which he based his claims of aiding and abetting against the [defendant]." *Id.*

Here, as set out in detail, *supra*, Appellants framed their Action for Accounting upon "the Missouri Uniform Fraudulent Transfers Act, 428.005, RSMo et seq." This framing included the allegation that Sandra's asset transfers are recoverable under section 461.300 in that the assets were "fraudulently" transferred. Among Appellants' specific allegations of fraud were "[t]he claims of [Appellants] against [Sandra] arose prior to Sandra transferring the entirety of her assets to third parties"; and "[Sandra] transferred her assets with the actual intent to hinder, delay and defraud [Appellants][.]" The challenged probate court determinations appear to address these specific fraud allegations: i.e., Appellants have failed to show "substantial evidence that property transferred by [Sandra] prior to her death was transferred specifically for the purpose of concealing assets"; or "substantial evidence that such transfers were made specifically for the purpose of denying [Appellants] assets"; or "substantial evidence that [Appellants'] claims arose before the transfer of assets as alleged in paragraph 28a."

Appellants' two points on appeal and supporting arguments fail to address or mention

5

Appellants' fraud allegations.[3]  Instead, Appellants merely argue that all of the aforementioned probate court determinations are "irrelevant to recovery" under section 461.300.  But Appellants chose to make the Missouri Uniform Fraudulent Transfers Act relevant to recovery by pleading the transfers were fraudulent in violation of section 428.005.  Thus, appellants invited the probate court to make the findings it did concerning fraud.  Like the situation in *Methodist Church of Shelbina*, Appellants cannot now complain the probate court erred in considering the fraud allegations upon which they based their Action for Accounting.  *See* 541 S.W.3d at 661.  Accordingly, Appellants' first and second points are denied.

The probate court's judgment is affirmed.

BECKY J. W. BORTHWICK, J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCURS

GINGER K. GOOCH, J. – CONCURS

---

[3] Because Appellants do not challenge on appeal whether the probate court misapplied the law under the Missouri Uniform Fraudulent Transfers Act or whether the probate court's findings as to fraud were otherwise erroneous, Appellants present nothing for review concerning the Missouri Uniform Fraudulent Transfers Act.