

# Missouri Court of Appeals
## Western District

STATE OF MISSOURI,            )
                                          )  WD86054
             Respondent,    )
v.                                )  OPINION FILED:
                                          )
STEPHEN CHRISTOPHER    )  August 20, 2024
WHITFIELD,                     )
                                          )
             Appellant.     )
                                          )

**Appeal from the Circuit Court of Jackson County, Missouri**
**The Honorable James Kanatzar, Judge**

**Before Division Three:  Thomas N. Chapman, Presiding Judge,**
**Lisa White Hardwick, Judge, and Alok Ahuja, Judge**

Following a jury trial in the Circuit Court of Jackson County, Stephen Whitfield ("Whitfield") was found guilty of two counts of child molestation in the first degree and one count of sexual misconduct involving a child.  On appeal, Whitfield argues that the trial court erred in sustaining an objection during *voir dire* and in failing to question jurors regarding statements that Whitfield alleged he heard the jurors make during trial. The judgment is affirmed.

## Background

Whitfield was charged with ten offenses involving two separate victims. Regarding Victim 1, Whitfield was charged with two counts of statutory sodomy in the first degree, three counts of child molestation in the first degree, and two counts of statutory rape in the first degree. Regarding Victim 2, Whitfield was charged with two counts of statutory sodomy in the first degree and one count of sexual misconduct involving a child by indecent exposure.

A jury trial began in November of 2021. As part of the State's evidence, Victim 1 and Victim 2 each testified to instances of sexual abuse perpetrated by Whitfield.

The jury found Whitfield guilty of two counts of child molestation in the first degree and one count of sexual misconduct involving a child.[1] The jury could not reach a unanimous verdict on the seven remaining counts, and a mistrial was declared on those seven counts.[2]

Whitfield was sentenced to twelve years on each of the child molestation convictions and three years on the sexual misconduct conviction, with the twelve-year

---

[1] Regarding the charges involving Victim 1, the jury found Whitfield guilty of one count of child molestation in the first degree. Regarding the charges involving Victim 2, the jury found Whitfield guilty of one count of child molestation in the first degree and one count of sexual misconduct involving a child.

[2] The State subsequently dismissed the seven charges on which a mistrial had been declared.

sentences to run consecutively to each other and the three-year sentence to run concurrently.

Whitfield now appeals to this court.

## Analysis

Whitfield raises three points on appeal. In his first point, he argues that the trial court erred in limiting his *voir dire*. In his second and third points, he argues that the trial court plainly erred in failing to *sua sponte* question the jury after an exchange in which defense counsel informed the court that Whitfield had overheard comments by members of the jury.

## Point One

In his first point on appeal, Whitfield argues that the trial court abused its discretion in sustaining an objection by the State during defense counsel's *voir dire*. Whitfield argues that the trial court thereby impermissibly limited his ability to ferret out potential biases.

"A defendant is entitled to a fair and impartial jury." *State v. Baumruk*, 280 S.W.3d 600, 614 (Mo. banc 2009) (quoting *State v. Oates*, 12 S.W.3d 307, 310 (Mo. banc 2000)). "While a necessary component of a guarantee for an impartial jury is an adequate *voir dire* that identifies unqualified jurors, the trial judge is vested with the discretion to judge the appropriateness of specific questions, and is generally vested with wide discretion in the conduct of *voir dire*." *Id.* (internal quotations, brackets, and ellipsis omitted). "An appellate court will find reversible error only where an abuse of discretion

3

is found and the defendant can demonstrate prejudice." *Oates*, 12 S.W.3d at 311. "A trial court abuses its discretion when its ruling is clearly against the logic of the circumstances and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *State v. Johnson*, 207 S.W.3d 24, 40 (Mo. banc 2006).

In this matter, *voir dire* was conducted in two separate sessions involving two different panels of venirepersons. During the morning session, defense counsel spoke to the venirepersons about how there were numerous charges against Whitfield and that the charges were very serious and involved children. Defense counsel indicated that most of the venirepersons probably felt something very unpleasant about being involved in the case and guessed that they were thinking that Whitfield was guilty of something awful about which the venirepersons had strong feelings. Defense counsel then requested a show of hands of the venirepersons that felt that they were starting with a feeling that Whitfield was probably guilty or felt that they could not start off "on a level playing field." Fourteen venirepersons responded.

Counsel began to individually question the venirepersons with leading questions that included defense counsel guessing what the venirepersons were feeling and telling the venirepersons what would be natural for them to think. During counsel's questioning of one venireperson, counsel noted that the venireperson had previously indicated that he had family members that had been affected by sexual abuse. Counsel then stated:

> So let me ask you. I'm being candid and on the level here. Do you think
> that because of that, you start off in a case like this thinking more – like

4

you're more concerned about siding with the alleged victims and maybe have a little bit of a bias against the person charged?

The State asked to approach and indicated to the trial court that defense counsel was attempting to elicit feelings, which the State believed was irrelevant. The State argued that defense counsel's questioning was going beyond what was proper. Defense counsel argued that the venireperson's feelings were relevant. Defense counsel indicated that, once a venireperson had indicated a concern, it was necessary for him to ask follow up questions, such as: "Do you feel a concern? Do you feel bad about the type of case this is?"

The trial court sustained the objection in part. The trial court indicated that it would be fair to assume that most people would rather not have to hear that kind of case even though they may be willing to do it. The trial court indicated that defense counsel could ask and explore whether the venirepersons could follow the court's instruction and presume the defendant to be innocent at that stage in the proceedings. The trial court indicated that defense counsel could explore if there was anything about the venirepersons' past experiences, feelings, or anything else that would prevent them from being able to follow such an instruction. The trial court expressed a concern about inquiries straying too far into discussions about what each individual's feelings were when the venirepersons already knew whether they could follow the court's instruction regarding the presumption of innocence. The trial court then stated that it would not allow counsel to go into asking about the venirepersons' particular beliefs unless they

5

indicated that they could not presume innocence. The trial court then asked if defense counsel understood the trial court's ruling.

Defense counsel indicated that he thought he understood. Defense counsel then argued that the trial court's ruling violated Whitfield's due process rights and right to a fair trial. Defense counsel argued that it was necessary for him to inquire into the beliefs of the venirepersons to discover potential biases.

The trial court then discussed its ruling further, indicating that it wished to limit counsel's inquiries "on the front end" so as to prevent counsel from leading the venirepersons into a particular answer. The trial court indicated that defense counsel could inquire as to whether the venirepersons' beliefs would interfere with their ability to presume Whitfield's innocence. Defense counsel then indicated that he understood the trial court's ruling.

Defense counsel then returned to questioning the remaining fourteen venirepersons who had previously responded. Defense counsel asked the venireperson whether he felt he would be prejudiced against the defendant in the case. The State raised the same objection it had made previously. The trial court overruled the objection. Defense counsel then continued to question the remaining fourteen venirepersons about their thoughts, beliefs, biases, experiences, concerns, and feelings. All fourteen venirepersons were struck for cause.

During the afternoon session with the second venire panel, defense counsel discussed the presumption of innocence at length. Defense counsel discussed that

Whitfield had eleven serious charges against him including allegations involving sexual abuse against children. Counsel indicated that the number and severity of the charges may have led some of the venirepersons to think that they could not start with the presumption of innocence or that they might start thinking Whitfield was probably guilty or that they could not give Whitfield a level playing field. Counsel noted that some of the venirepersons had previously discussed their discomfort about the charges during the State's *voir dire*. Counsel then asked for a show of hands of any venirepersons who had not yet spoken who had uncertainty about whether they could be fair or uncertainty about whether they could begin with the presumption of innocence due to the number and nature of the charges. One venireperson responded, indicating that the number of charges had made her feel as though she had already been swayed "to the not innocent side" and that she would not be able to set her feelings aside. Defense counsel then asked the venire panel if anyone else felt that way, but received no responses. The one venireperson who had responded to defense counsel's inquiry was struck for cause.

Whitfield argues that the trial court's limitation of defense counsel's *voir dire* unfairly thwarted his ability to ferret out biased jurors such that reversal is warranted. We disagree. We find that the trial court did not abuse its discretion in its control of *voir dire*. We also find that Whitfield failed to establish that he was prejudiced by his asserted error.

The trial court did not abuse its discretion in its control of Whitfield's *voir dire*. The trial court's ruling related specifically to defense counsel's further questioning of the fourteen venirepersons who had responded to defense counsel's prior question regarding

7

whether the venirepersons could begin with a "level playing field" in light of the number and nature of charges against Whitfield. Although we have some difficulty discerning precisely what part of the State's objection was sustained, it appears as though the objection was partially sustained due to the trial court's concern that defense counsel was attempting to lead the venirepersons to particular answers. In any event, following the trial court's ruling, defense counsel was given wide latitude to question each of the fourteen venirepersons individually with inquiries regarding their thoughts, beliefs, biases, experiences, concerns, and feelings.

Whitfield also fails to sufficiently explain how he was prejudiced by the trial court's action. All fourteen of the venirepersons were struck for cause and did not serve on the jury in Whitfield's trial. Whitfield fails to make clear how he was prejudiced by a limitation placed on his questioning of venirepersons who were not selected for his jury. Moreover, the record of *voir dire* fails to reveal a noticeable distinction in the subjects defense counsel was allowed to explore following the trial court's ruling.

Whitfield seems to indicate that the trial court's ruling during the morning *voir dire* session negatively affected the afternoon session because fewer venirepersons responded to defense counsel's preliminary question as to whether the venirepersons were concerned about beginning with a bias due to the nature and number of charges against Whitfield. However, the record does not support this assertion. Whitfield's counsel asked a strikingly similar preliminary question in the afternoon as in the morning

regarding whether the venirepersons could start off on a "level playing field" in light of the number and nature of charges against Whitfield.

The trial court did not abuse its discretion in its control of *voir dire*, and Whitfield failed to make a sufficient showing of prejudice.

Point one is denied.

### Points Two And Three

In his second point, Whitfield argues that the trial court plainly erred in failing to question the jurors to gauge the extent to which they could understand the testimony of Victim 1. In his third point, Whitfield argues that the trial court plainly erred in failing to question two of the jurors regarding comments that Whitfield allegedly heard the jurors make. Because both of these points relate to the same exchange between the trial court and defense counsel, we address these points together.

During a bench conference following the lunch break on the second day of trial, defense counsel brought to the attention of the trial court that Whitfield had claimed to hear comments made by the jury. Defense counsel informed the trial court that Whitfield overheard one juror say that he had trouble understanding the testimony of Victim 1. Defense counsel also informed the trial court that Whitfield had overheard a conversation between two jurors. According to defense counsel, Whitfield claimed that one juror had asked a second juror whether he had previously been a juror in a trial. The second juror then indicated that he had served on a jury in a couple of trials and that one of the

previous trials had ended in a mistrial. The first juror then indicated to the second juror that he did not think that would happen in the present trial.

The trial court then asked defense counsel what defense counsel wanted the trial court to do in light of this information. Defense counsel replied that the only relief he wanted was for the trial court to remind the jury that they should inform the court if they had difficulty hearing a witness. After further discussion, the trial court sought clarification as to what defense counsel requested it to do.

> The Court: You just want to say everyone, if you can't hear, to let us know immediately?
>
> [Defense counsel]: I think so. I'm not asking for a mistrial at this point.
>
> The Court: Okay. Any other relief you want?
>
> [Defense counsel]: No.

The trial court then did as defense counsel had requested.

Whitfield recognizes that his alleged errors in his second and third points are not preserved for appellate review as no objection was made at trial when the trial court did as defense counsel requested. Accordingly, these points can only be reviewed, if at all, for plain error.

Generally, appellate courts do not review unpreserved allegations of error. *State v. Jackson-Bey*, 690 S.W.3d 181, 186 (Mo. banc 2024). However, Rule 30.20 grants appellate courts discretion to conduct plain error review and provides that "plain errors

10

affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom."

Plain error review may be available when a failure to object at trial is due to inadvertence or neglect. *Jackson-Bey*, 690 S.W.3d at 187 (quoting *State v. Johnson*, 284 S.W.3d 561, 582 (Mo. banc 2009)). However, such review is not available "when counsel has affirmatively acted in a manner precluding a finding that the failure to object was a product of inadvertence or negligence." *Id.* Further, "[i]t is axiomatic that a defendant may not take advantage of self-invited error or error of his own making." *State v. Bolden*, 371 S.W.3d 802, 806 (Mo. banc 2012) (quoting *State v. Mayes*, 63 S.W.3d 615, 632 n.6 (Mo. banc 2001)); *see also Mayes*, 63 S.W.3d at 632 n.6 ("Mr. Mayes cannot now convict the trial court of error as to a procedure to which his counsel agreed.").

In this matter, we decline plain error review of Whitfield's second and third points. The trial court did precisely as defense counsel requested in light of the information that defense counsel provided to the trial court. Whitfield cannot now complain of the trial court's action when the trial court did exactly as Whitfield requested. *See id.*

Points two and three are denied.

**Conclusion**

The judgment is affirmed.

_____
Thomas N. Chapman, Presiding Judge

All concur.

11